Filed                    21-CI-00395      09/01/2021        David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

JIMMY DALE                                                      PLAINTIFF

v.

ALBERT BAKER III                                               DEFENDANTS
      **Serve via Kentucky Secretary of State**:
      Albert Baker III
      7207 S. Bennett Ave., #2W
      Chicago, IL 60649

and

VELOX TRUCKING, LLC
      **Serve via Kentucky Secretary of State**:
      Armin Beric, Registered Agent
      4245 Roger B. Chaffee Memorial Blvd. SE
      Grand Rapids, MI 49548

---

### COMPLAINT

---

Plaintiff, Jimmy Dale, for his Complaint against Defendants, Albert Baker III and Velox Trucking, LLC, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Jimmy Dale, is a citizen and resident of the State of Texas residing at 1701 Baylor Ave., Waco, TX 76706.

2.      At all relevant times, Defendant, Albert Baker III ("Defendant Baker"), is a citizen and resident of the State of Illinois, residing at 7207 S. Bennett Ave., #2 W, Chicago, IL 60649, and can receive service at that address through the Kentucky Secretary of State.

1

Filed                    21-CI-00395      09/01/2021        David M. Fernandez, Madison Circuit Clerk

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000001 of 000007

Filed                21-CI-00395      09/01/2021      David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

3.     At all relevant times, Defendant, Velox Trucking, LLC ("Defendant Velox"), is a Michigan company established and existing under the laws of the State of Michigan, with its principal place of business located at 4245 Roger B. Chaffee Memorial Blvd. SE, Grand Rapids, MI 49548.

4.     Upon information and belief, Defendant Velox has designated Armin Beric as its registered agent of process, who can receive service at 4245 Roger B. Chaffee Memorial Blvd. SE, Grand Rapids, MI 49548.

5.     At all relevant times, Defendant Baker, was the employee, agent, servant, and/or statutory employee for Defendant Velox, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Velox.  Accordingly, Defendant Velox is vicariously liable for the acts of Defendant Baker.

6.     The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7.     Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Richmond, Madison County, Kentucky, on September 27, 2019.

## COUNT I – COMMON LAW NEGLIGENCE AGAINST DEFENDANTS BAKER AND VELOX

8.     On or about September 27, 2019, in Richmond, Madison County, Kentucky, Defendant Baker was operating a 2015 Volvo tractor with attached box trailer within the parking lot of the Loves Truck Stop located at 3799 Colonel Rd., Richmond, KY 40475.

9.     Upon information and belief, the 2015 Volvo tractor with attached box trailer was operated by Defendant Baker on behalf of his employer, Defendant Velox.

10.     As Defendant Baker was pulling out of a parking spot, he failed to check his vehicles clearance, causing his trailer to swipe the side of the 2019 Kenworth semi-truck parked to the right of Defendant Baker's vehicle.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000002 of 000007

2

Filed          21-CI-00395   09/01/2021       David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

11.     Plaintiff, Jimmy Dale and his co-driver felt the force of the impact in the sleeper section of the cab, in which Plaintiff was resting.

12.     Defendant Baker operated the 2015 Volvo tractor-trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant Velox is vicariously liable.

13.     As a direct and proximate result of the gross negligence and carelessness of Defendants Baker and Velox, the Plaintiff, Jimmy Dale, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jimmy Dale, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

## COUNT II – NEGLIGENCE *PER SE*
## AGAINST DEFENDANTS BAKER AND VELOX

14.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

15.     Defendant Baker violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Velox is vicariously liable.

16.     The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Baker's violation of these statutes, for which Defendant Velox is vicariously liable.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000003 of 000007

Filed          21-CI-00395       09/01/2021       David M. Fernandez, Madison Circuit Clerk

Filed                21-CI-00395        09/01/2021        David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

17.     As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Baker and Velox, the Plaintiff, Jimmy Dale, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jimmy Dale, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

### COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT VELOX

18.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

19.     Defendant Velox had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Baker, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

20.     Defendant Velox had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

21.     Defendant Velox was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

22.     Defendant Velox violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000004 of 000007

4

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

23.     As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Baker and Velox, the Plaintiff, Jimmy Dale, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jimmy Dale, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

### COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT BAKER AND DEFENDANT VELOX

24.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

25.     Defendant Velox and Defendant Baker acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186.  Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiff, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

26.     Defendant Velox and Defendant Baker acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000005 of 000007

5

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

a reckless disregard for the life, safety and health of others, including Plaintiff, as set forth above, so as to warrant the imposition of punitive damages.

27.     The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants Baker and Velox, and all others similarly situated.

**WHEREFORE**, Plaintiff, Jimmy Dale, demands judgment against Defendants Albert Baker III and Velox Trucking, LLC, as follows:

A.   A trial by jury on all issues of fact herein;

B.   For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C.   For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.   For Plaintiff's costs herein expended; and

E.   For any and all other relief to which the Plaintiff is entitled.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000006 of 000007

Filed          21-CI-00395          09/01/2021          David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:00:51 PM
90489-8

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Great American Insurance Company
ATTN:  Subrogation Department
P.O. Box 2468
Cincinnati, OH 45201

RESPECTFULLY submitted this 1st day of September, 2021:

*/s/ Shea W. Conley*
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000007 of 000007

7

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

JIMMY DALE                                                    PLAINTIFF

v.

ALBERT BAKER III and
VELOX TRUCKING, LLC                                           DEFENDANTS

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT, VELOX TRUCKING, LLC**

---

Comes the Plaintiff by counsel, and for her First Set of Interrogatories and Requests for Production of Documents to Defendant, Velox Trucking, LLC, states as follows:

**INTERROGATORIES**:

**INTERROGATORY NO. 1**: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2**: Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER**:

**INTERROGATORY NO. 3**: Please state the name and address of the owner of the semi-tractor trailer and attached trailer that was involved in the incident described in the Plaintiff's Complaint for damages.

**ANSWER**:

1

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**INTERROGATORY NO. 4**:  Please state the full name, address, date of birth, employer, and social security number of the driver of the semi-tractor trailer rig involved in the incident in question.

**ANSWER**:

**INTERROGATORY NO. 5**:  Please state whether the person listed in the interrogatory above was employed by Velox Trucking, LLC on the date of the collision. If so, describe his position and when he began working for Velox Trucking, LLC

**ANSWER**:

**INTERROGATORY NO. 6**:  If Albert Baker III was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER**:

**INTERROGATORY NO. 7**:  Immediately following the incident of September 27, 2019, please state:

    a. The person at Velox Trucking, LLC who was first notified of the accident?
    b. The date and time this person was notified?
    c. Whether anyone at Velox Trucking, LLC created a written record of the accident, and if so, whom?
    d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?
    e. Is this record kept in the ordinary course of business?
    **ANSWER**:

**INTERROGATORY NO. 8**:  Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of this circumstances surrounding the incident in question.

**ANSWER**:

2

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000002 of 000012

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**INTERROGATORY NO. 9**:  Has Velox Trucking, LLC, or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER**:

**INTERROGATORY NO. 10**: At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance, and other insurance in effect for Velox Trucking, LLC and for the owner of the trailer.

**ANSWER**:

**INTERROGATORY NO. 11:** Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:**  Identify any nonparty who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party.

**ANSWER**:

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000003 of 000012

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**INTERROGATORY NO. 14**:  Other than the incident at issue, please list all other incidents involving alleged personal injury in which the driver identified in Interrogatory No. 4 above, has been involved, either as an operator or passenger.

**ANSWER**:

**INTERROGATORY NO. 15:**  Did the driver in this case, complete an application for employment or any paperwork prior to employment by Velox Trucking, LLC?

**ANSWER**:

**INTERROGATORY NO. 16**: What maintenance has been performed on the tractor **or** trailer of the subject vehicle for the six (6) months prior to the collision. For each such maintenance, please list the following:

1. What prompted the maintenance visit;
2. Who performed the maintenance;
3. Who diagnosed the necessity for maintenance;
4. What diagnosis was rendered;
5. When were the repairs performed;
6. What, if any, parts were replaced; and,
7. Did the problem reoccur? If so, when?

**ANSWER**:

**INTERROGATORY NO. 17:**  Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

**ANSWER**:

**INTERROGATORY NO. 18:** Is there a bill of lading or any other document describing in detail, the entire load packaged in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

**ANSWER**:

4

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**INTERROGATORY NO. 19:** Did Velox Trucking, LLC inspect the semi-tractor trailer rig at the inception of the lease or contract?

**ANSWER**:

**INTERROGATORY NO. 20**: Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

**ANSWER**:

**INTERROGATORY NO. 21:** Describe and explain in detail the method of calculating Albert Baker III's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**ANSWER**:

**INTERROGATORY NO. 22**: Who at Velox Trucking, LLC verified Albert Baker III was in compliance with federal safety regulations?

**ANSWER**:

**INTERROGATORY NO. 23:** Describe all training that Velox Trucking, LLC provides or requires for its drivers/operators.

**ANSWER**:

**INTERROGATORY NO. 24:** At the time of this incident, was the cab equipped with a satellite communication device or e-mail capability, including a Qualicomm system such as SensorTRACS, TrailerTRACS, ViaWeb JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

**ANSWER**:

IRPD : 000005 of 000012

5

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**INTERROGATORY NO. 25**:  List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack, Caterpillar) and the year it was made.

**ANSWER**:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**:   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**:  Please produce the accident register maintained as required by federal regulations.

**RESPONSE**:

**REQUEST NO. 3**:  If ISO certified, please produce all ISO Certification documents.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce all documents prepared concerning all inspections.

**RESPONSE**:

**REQUEST NO. 5**:  Please produce all leases and contracts that were in effect for the cab and trailer.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the entire personnel file of Albert Baker III.

**RESPONSE**:

**REQUEST NO. 7**:  Please produce the entire qualification file of Albert Baker III.

**RESPONSE**:

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000006 of 000012

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**REQUEST NO. 8**:  Please produce the entire drug and alcohol file of  Albert Baker III including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty, drug and alcohol testing results.

**RESPONSE**:

**REQUEST NO. 9**:  Please produce the entire safety performance history file for Albert Baker III.

**RESPONSE**:

**REQUEST NO. 10**: Please produce any other file kept concerning Albert Baker III.

**RESPONSE**:

**REQUEST NO. 11**:  Please produce any and all payroll and benefit records for Albert Baker III for five (5) years prior to the collision to one (1) year after.

**RESPONSE**:

**REQUEST NO. 12**: Please produce any and all cancelled checks of any kind paid to Albert Baker III for twelve (12) months prior and six (6) months after the collision.

**RESPONSE**:

**REQUEST NO. 13**: Please produce all logs—official or unofficial—of Albert Baker III for the six (6) months before the collision and for thirty (30) days after the collision.

**RESPONSE**:

**REQUEST NO. 14**:  Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Albert Baker III for the five (5) years prior to the collision.

**RESPONSE**:

**REQUEST NO. 15**:  Please produce all records of Albert Baker III for the seven (7) days prior to the collision and for the day of the collision. Specifically, produce the following materials, as

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000007 of 000012

Filed          21-CI-00395          09/01/2021          David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation

of "supporting documents":

A. Bills of lading;
B. Carrier pros;
C. Freight bills;
D. Dispatch records;
E. Driver call-in records;
F. Gate record receipts;
G. Weight/scale tickets;
H. Fuel billing statements;
I. Toll receipts;
J. International registration plan receipts;
K. International fuel tax agreement receipts;
L. Trip permits;
M. Lessor settlement sheets;
N. Port of entry receipts;
O. Cash advance receipts;
P. Delivery receipts;
Q. Lumber receipts;
R. Interchange and inspection reports;
S. Over/short and damage reports;
T. Agricultural inspection reports;
U. Commercial Vehicle Safety Alliance reports;
V. Accident reports;
W. Telephone billing statements;
X. Credit card receipts;
Y. Driver fax reports;
Z. On-board computer reports;
AA. Border crossing reports;
BB. Custom declarations;
CC. Traffic citations;
DD. Overweight/oversize reports and citations;
EE. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**RESPONSE**:

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000008 of 000012

8

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**REQUEST NO. 16**:  Please produce any and all cellular and telephone records and bills of the Defendant for the day of the collision and seven (7) days prior.

**RESPONSE**:

**REQUEST NO. 17**:  Please produce any and all credit card bills and receipts for Albert Baker III the month the collision occurred.

**RESPONSE**:

**REQUEST NO. 18**: Please produce copies of any and all fuel tax reports of Albert Baker III for the year of this collision.

**RESPONSE**:

**REQUEST NO. 19**:  Please produce any and all state audits of Albert Baker III for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 20**: Please produce any and all federal accident reports filed by Albert Baker III the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 21**: Please produce any and all DOT inspection reports filed by Albert Baker III for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 22**: Please produce any and all long form DOT physicals of Albert Baker III.

**RESPONSE**:

**REQUEST NO. 23**: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Albert Baker III for the month of this collision.

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000009 of 000012

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

**RESPONSE**:

**REQUEST NO. 24**:  Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one (1) year prior.

**RESPONSE**:

**REQUEST NO. 25**:  Produce a copy of all contracts or leases in effect on the date of the collision for the tractor and trailer involved in the collision.

**RESPONSE**:

**REQUEST NO. 26**: Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or any time after.

**RESPONSE**:

**REQUEST NO. 27**:  Produce copies of any documentation evidencing the completion or noncompletion of training programs and driver orientation programs by Albert Baker III.

**RESPONSE**:

**REQUEST NO. 28**: Produce copies of any and all satellite communications and e-mails for the day of the collision and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

    a. trip distance
    b. total vehicle driving time
    c. load factor
    d. vehicle speed limit
    e. maximum vehicle speed recorded
    f. number of hard brake incidents
    g. current engine speed (rpm)
    h. maximum and minimum cruise speed limits
    i. total vehicle driving distance
    j. fuel consumption (gal./hr.)
    k. idle time
    l. engine governed speed
    m. maximum engine speed recorded

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000010 of 000012

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

n. current throttle position
o. brake switch status (on/off)
p. odometer
q. trip driving time
r. overall fuel economy (mpg)
s. average driving speed
t. number of engine overspeeds
u. number of vehicle overspeeds
v. current vehicle speed (mph)
w. clutch switch status (on/off)
x. clock

**RESPONSE**:

**REQUEST NO. 29**: Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

**RESPONSE**:

**REQUEST NO. 30**: Please produce a copy of the completion or noncompletion of any safe driving programs by Albert Baker III.

**RESPONSE**:

**REQUEST NO. 31**: Please produce a copy of the driver manual or handbook issued to Albert Baker III.

**RESPONSE**:

**REQUEST NO. 32**: Please produce a copy of the company safety rules issued to Albert Baker III.

**RESPONSE**:

**REQUEST NO. 33**: Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of September 27, 2019.

**RESPONSE**:

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000011 of 000012

11

NOT ORIGINAL DOCUMENT
09/28/2021 03:02:31 PM
90489-8

RESPECTFULLY submitted this 1st day of September 2021:

/s/ Shea W. Conley
Shea W. Conley, Esq.
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000012 of 000012

Filed          21-CI-00395          09/01/2021          David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/28/2021 03:01:49 PM
90489-8

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

JIMMY DALE                                                                    PLAINTIFF

v.

ALBERT BAKER III and
VELOX TRUCKING, LLC                                                          DEFENDANTS

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ALBERT BAKER III

---

Comes the Plaintiff by counsel, and for their First Set of Interrogatories and Requests for Production of Documents to Defendant, Albert Baker III, states as follows:

### **INTERROGATORIES**:

**INTERROGATORY NO. 1**:  Where were you coming from and where were you going at the time of the accident as alleged in the Complaint?

**ANSWER**:

**INTERROGATORY NO. 2**:  State your purpose in driving to the destination indicated in the interrogatory above.

**ANSWER**:

**INTERROGATORY NO. 3**:  Describe the exact route that you followed from the point where your trip commenced to the point where the accident occurred.

**ANSWER**:

**INTERROGATORY NO. 4**:  Describe in detail how the accident occurred. If there is more than one version, describe separately and its source.

1

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000001 of 000005

NOT ORIGINAL DOCUMENT
09/28/2021 03:01:49 PM
90489-8

**ANSWER**:

**INTERROGATORY NO. 5**:  State the full name and address of each person who witnessed or claims to have witnessed the accident.

**ANSWER**:

**INTERROGATORY NO. 6**:  State the full name and address of each person not named in the interrogatory above who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the accident.

**ANSWER**:

**INTERROGATORY NO. 7**:  Did you give a statement, oral, or written to anyone concerning the incidents as alleged in this suit? If so, state the name and address of such person taking such statement.

**ANSWER**:

**INTERROGATORY NO. 8**:  State the condition of the roads and the weather at the time of the accident as alleged in this suit.

**ANSWER**:

**INTERROGATORY NO. 9**:  Give the name of all insurance carriers, the policy numbers, and the monetary limits of liability coverage that were in effect for the tractor and trailer at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 10**: Were you employed within the last six (6) months prior to the collision. Please state the place of your employment, supervisors, type of work, and the length of time you were employed at each place of employment.

**ANSWER**:

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000002 of 000005

NOT ORIGINAL DOCUMENT
09/28/2021 03:01:49 PM
90489-8

**INTERROGATORY NO. 11:** Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:**  Has any person whose name is contained in the Answer to the above Interrogatory given a written or recorded statement to your or your agent, if so, please state the name and address of such person, and the name and address of the person who has the present custody or control of each statement.

**ANSWER**:

**INTERROGATORY NO. 14**:  List any and all items you intend to offer as exhibits at trial and describe each and explain how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 15:**  Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 16**: Have you, your agent, your attorneys, insurance company, or anyone on your behalf requested and/or received any information from any computer information

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000003 of 000005

3

NOT ORIGINAL DOCUMENT
09/28/2021 03:01:49 PM
90489-8

source or center concerning the Plaintiff in this suit? If so, please state the name, address, and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, and job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER**:

**INTERROGATORY NO. 17:**  State whether there has been a surveillance of Plaintiff's activities from the date of the incident(s) referred to in Plaintiff's complaint to the present, and if so state:

(a) The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

(b) Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

(c) Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

**ANSWER**:

**INTERROGATORY NO. 18:** Please state whether you completed a driver's accident report form detailing the incident of September 27, 2019?

**ANSWER**:

### **REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST  NO.  1**:   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

4

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000004 of 000005

NOT ORIGINAL DOCUMENT
09/28/2021 03:01:49 PM
90489-8

**REQUEST NO. 2**:  Produce copies of any and all vehicle insurance policies listed above.

**RESPONSE**:

**REQUEST NO. 3**:  Please produce copies of all photographs, video tapes, slides and motion pictures in Defendant's possession which are relevant to the allegations of Plaintiff's Complaint and Defendant's Answer and defense.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce copies of all photographs, slides or motion pictures, video tapes, surveillance reports or other information identified in Interrogatory number 17 above.

**RESPONSE**:

**REQUEST NO. 5**:  Please produce any logs kept official or unofficial for the month of the collision and six (6) months prior.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of September 27, 2019.

**RESPONSE**:

RESPECTFULLY submitted this 1st day of September 2021:

> */s/ Shea W. Conley*
> Shea W. Conley, Esq.
> Morgan & Morgan, Kentucky, PLLC
> 333 West Vine Street, Suite 1200
> Lexington, KY 40507
> Telephone: (859) 286-8364
> Facsimile: (859) 899-8108
> sconley@forthepeople.com
> *Counsel for Plaintiff*

Presiding Judge: HON. COLE A. MAIER (625419)

IRPD : 000005 of 000005

5

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 21-CI-00395

JIMMY DALE                                                                      PLAINTIFF

v.            NOTICE OF ELECTION OF ELECTRONIC SERVICE
              *Electronically Filed*

ALBERT BAKER III and
VELOX TRUCKING, LLC                                                     DEFENDANTS

* * * * *

Comes the Defendant, Albert Baker III, by counsel and pursuant to CR 5.02(2), elects to "effectuate and receive service via electronic means." The electronic notification addresses at which the undersigned attorneys agree to accept service are listed below. Please include all e-mail addresses below to assure receipt of service.

dmurner@landrumshouse.com
ewinchell@landrumshouse.com
lfiorella@landrumshouse.com
erose@landrumshouse.com
cames@landrumshouse.com
tbarkley@landrumshouse.com

Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

Respectfully submitted,

DANIEL E. MURNER        (No. 82715)
ELIZABETH WINCHELL      (No. 92088)
LACEY FIORELLA          (No. 92006)
ESTEE ROSE              (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY 40588-0951
Telephone:  (859) 255-2424

BY:    /s/Daniel E. Murner
       COUNSEL FOR DEFENDANT,
       ALBERT BAKER III

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner          (dmurner@landrumshouse.com)
Elizabeth Winchell        (ewinchell@landrumshouse.com)
Lacey Fiorella            (lfiorella@landrumshouse.com)
Estee Rose                (erose@landrumshouse.com)
*Counsel For Defendant,*
*Albert Baker III*

I further certify that I e-mailed this document to the following:

Shea W. Conley            (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
*Counsel for Plaintiff*

BY:    /s/Daniel E. Murner
       COUNSEL FOR DEFENDANT,
       ALBERT BAKER III

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000002 of 000022

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 21-CI-00395

JIMMY DALE                                                                    PLAINTIFF

v.                          NOTICE OF SERVICE OF DISCOVERY
                                *Electronically Filed*

ALBERT BAKER III and
VELOX TRUCKING, LLC                                                    DEFENDANTS

* * * * *

     Defendant, Albert Baker III, hereby gives notice of service of interrogatories and requests for production of documents to Plaintiff, Jimmy Dale, under CR 33 and CR 34 on October 4, 2021.

Respectfully submitted,

DANIEL E. MURNER      (No. 82715)
ELIZABETH WINCHELL   (No. 92088)
LACEY FIORELLA          (No. 92006)
ESTEE ROSE               (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY 40588-0951
Telephone:  (859) 255-2424

BY:    /s/Daniel E. Murner
COUNSEL FOR DEFENDANT,
ALBERT BAKER III

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of October, 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner                    (dmurner@landrumshouse.com)
Elizabeth Winchell              (ewinchell@landrumshouse.com)
Lacey Fiorella                        (lfiorella@landrumshouse.com)
Estee Rose                              (erose@landrumshouse.com)
*Counsel For Defendant,*
*Albert Baker III*

I further certify that I e-mailed this document to the following:

Shea W. Conley                    (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
*Counsel for Plaintiff*


BY:     /s/Daniel E. Murner
           COUNSEL FOR DEFENDANT,
           ALBERT BAKER III

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000004 of 000022

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000005 of 000022

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 21-CI-00395

JIMMY DALE                                                                      PLAINTIFF

v.        ANSWER OF ALBERT BAKER III TO PLAINTIFF'S COMPLAINT
                              *Electronically Filed*

ALBERT BAKER III and
VELOX TRUCKING, LLC                                                  DEFENDANTS

* * * * *

Comes the Defendant, Albert Baker III, by counsel, and for his answer to Plaintiff's complaint, states as follows:

FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

SECOND DEFENSE

Defendant states that the complaint may be barred by the applicable statute of limitations, depending upon the actual date of the subject accident, the accrual date of the cause of action and all other relevant statutory and common law.

THIRD DEFENSE

1.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraph 1 of the complaint, and therefore denies same.

2.      Defendant admits the allegations contained in numbered paragraphs 2, 3, and 4 of the complaint.

3.     Defendant admits that on the date and occasion complained of, Defendant Baker was operating under the Department of Transportation authority of Velox Trucking, LLC, for its benefit and at its direction as alleged in numbered paragraph 5 of the complaint.  Defendant does not answer to the statement of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

4.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraphs 6 and 7 of the complaint, and therefore denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

5.     Defendant admits the allegations contained in numbered paragraphs 8 and 9, Count I of the complaint as to the date, time, location of and individual involved in an accident.  Defendant does not answer to the statement of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

6.     Defendant denies any allegations or implications of negligence or carelessness in numbered paragraphs 10, 11, 12, and 13, Count I of the complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

7.     Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 6 above in response to numbered paragraph 14, Count II of the complaint.

8.     Defendant denies allegations of negligence and/or violations of state and federal regulations and statutes in numbered paragraph 15, 16 and 17, Count II of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the allegations of said paragraphs as to the cause, nature, extent and duration of Plaintiff's claimed injuries and damages, if any, and therefore Defendant denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

9.     Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 8 above in response to numbered paragraph 18, Count III of the complaint.

10.    Defendant denies any allegations or implications of negligent, careless or reckless conduct or violations of any state or federal statutes or regulations in numbered paragraphs 19, 20, 21, 22, and 23, Count III of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs as to the cause, nature, extent and duration of Plaintiff's claimed injuries and damages, if any, and therefore Defendant denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

11.    Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 10 above in response to numbered paragraph 24, Count IV of the complaint.

12.    Defendant denies any allegations or implications of reckless or wanton conduct or indifference to the safety of others in numbered paragraphs 25, 26, and 27, Count IV of the complaint.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

## FOURTH DEFENSE

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of Plaintiff, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

## FIFTH DEFENSE

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of a third-party, not named or identified in the complaint, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

## SIXTH DEFENSE

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000008 of 000022

brought about in whole or in part by an act of God, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

SEVENTH DEFENSE

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about by an intervening and superseding cause of which Defendant had no control, Defendant relies upon same as a complete bar to Plaintiff's complaint.

EIGHTH DEFENSE

Defendant affirmatively relies upon all applicable provisions of Kentucky's Motor Vehicle Reparations Act (K.R.S. 304.39-010, *et. seq.*) as complete bars to those relevant portions of Plaintiff's complaint.

NINTH DEFENSE

Defendant affirmatively states that to the extent that Plaintiff's medical expenses and lost wages have been paid or are payable by Plaintiff's basic reparations benefits carriers, the cause of action for recovery of such damages belongs to said carriers, and Defendant relies upon same as a complete bar to those portions of Plaintiff's claim.

TENTH DEFENSE

Defendant affirmatively states that to the extent that Plaintiff has failed to mitigate his damages, Defendant relies upon same as a complete bar to those portions of Plaintiff's claim caused by such failure.

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000009 of 000022

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000010 of 000022

### ELEVENTH DEFENSE

Defendant affirmatively relies upon all available defenses permitted pursuant to Kentucky Rules of Civil Procedure 8.03 and 12.02 as complete bars to those relevant portions of Plaintiff's claim.

### TWELFTH DEFENSE

Defendant asserts the following affirmative defenses to the claim for punitive damages:

(1)     Plaintiff's complaint fails to state a cause of action against Defendant for punitive damages;

(2)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

(3)     Alternatively, unless Defendant's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(4)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate Defendant's due process

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000011 of 000022

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(5)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of the amount of punitive damages that a jury could impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(6)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of the terms and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000012 of 000022

(7)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Kentucky law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(8)     Any award of punitive damages based on anything other than Defendant's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong;

(9)     Alternatively, Defendant relies on KRS 411.184, as modified by Williams v. Wilson, Ky., 972 S.W.2d 260 (1998), as a bar to Plaintiff's punitive damages claim; and

WHEREFORE, Defendant moves for a dismissal of the complaint against him, for his costs incurred herein, and for any and all other relief to which he may appear entitled.

Respectfully submitted,

DANIEL E. MURNER        (No. 82715)
ELIZABETH WINCHELL    (No. 92088)
LACEY FIORELLA            (No. 92006)
ESTEE ROSE                  (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:     /s/Daniel E. Murner
          COUNSEL FOR DEFENDANT,
          ALBERT BAKER, III

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner              (dmurner@landrumshouse.com)
Elizabeth Winchell          (ewinchell@landrumshouse.com)
Lacey Fiorella               (lfiorella@landrumshouse.com)
Estee Rose                  (erose@landrumshouse.com)
*Counsel For Defendant,*
*Albert Baker, III*

I further certify that I e-mailed this document to the following:

Shea W. Conley           (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
*Counsel for Plaintiff*

BY:    /s/Daniel E. Murner
            COUNSEL FOR DEFENDANT,
            ALBERT BAKER, III

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000013 of 000022

4182DA3C-586B-4F5C-B0EB-953FF2D0266D : 000014 of 000022

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 21-CI-00395

JIMMY DALE                                                                    PLAINTIFF

v.      ANSWER OF VELOX TRUCKING, LLC TO PLAINTIFF'S COMPLAINT
                        *Electronically Filed*

ALBERT BAKER III and
VELOX TRUCKING, LLC                                                   DEFENDANTS

* * * * *

Comes the Defendant, Velox Trucking, LLC, by counsel, and for its answer to Plaintiff's complaint, states as follows:

## FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant states that the complaint may be barred by the applicable statute of limitations, depending upon the actual date of the subject accident, the accrual date of the cause of action and all other relevant statutory and common law.

## THIRD DEFENSE

1.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraph 1 of the complaint, and therefore denies same.

2.      Defendant admits the allegations contained in numbered paragraphs 2, 3, and 4 of the complaint.

3.      Defendant admits that on the date and occasion complained of, Defendant Baker was operating under the Department of Transportation authority of Velox Trucking, LLC, for its benefit and at its direction as alleged in numbered paragraph 5 of the complaint.  Defendant does not answer to the statement of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

4.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraphs 6 and 7 of the complaint, and therefore denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

5.      Defendant admits the allegations contained in numbered paragraphs 8 and 9, Count I of the complaint as to the date, time, location of and individual involved in an accident.  Defendant does not answer to the statement of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

6.      Defendant denies any allegations or implications of negligence or carelessness in numbered paragraphs 10, 11, 12, and 13, Count I of the complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

7.      Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 6 above in response to numbered paragraph 14, Count II of the complaint.

8.      Defendant denies allegations of negligence and/or violations of state and federal regulations and statutes in numbered paragraph 15, 16 and 17, Count II of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the allegations of said paragraphs as to the cause, nature, extent and duration of Plaintiff's claimed injuries and damages, if any, and therefore Defendant denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

9.      Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 8 above in response to numbered paragraph 18, Count III of the complaint.

10.      Defendant denies any allegations or implications of negligent, careless or reckless conduct or violations of any state or federal statutes or regulations in numbered paragraphs 19, 20, 21, 22, and 23, Count III of the complaint.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs as to the cause, nature, extent and duration of Plaintiff's claimed injuries and damages, if any, and therefore Defendant denies same.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000016 of 000022

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000017 of 000022

11.     Defendant restates, adopts and incorporates herein by reference all defenses previously stated in numbered paragraphs 1 through 10 above in response to numbered paragraph 24, Count IV of the complaint.

12.     Defendant denies any allegations or implications of reckless or wanton conduct or indifference to the safety of others in numbered paragraphs 25, 26, and 27, Count IV of the complaint.  Defendant does not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

<u>FOURTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of Plaintiff, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

<u>FIFTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of a third-party, not named or identified in the complaint, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

<u>SIXTH DEFENSE</u>

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000018 of 000022

brought about in whole or in part by an act of God, Defendant relies upon same as a complete or partial bar to Plaintiff's complaint.

SEVENTH DEFENSE

Defendant affirmatively states that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about by an intervening and superseding cause of which Defendant had no control, Defendant relies upon same as a complete bar to Plaintiff's complaint.

EIGHTH DEFENSE

Defendant affirmatively relies upon all applicable provisions of Kentucky's Motor Vehicle Reparations Act (K.R.S. 304.39-010, *et. seq.*) as complete bars to those relevant portions of Plaintiff's complaint.

NINTH DEFENSE

Defendant affirmatively states that to the extent that Plaintiff's medical expenses and lost wages have been paid or are payable by Plaintiff's basic reparations benefits carriers, the cause of action for recovery of such damages belongs to said carriers, and Defendant relies upon same as a complete bar to those portions of Plaintiff's claim.

TENTH DEFENSE

Defendant affirmatively states that to the extent that Plaintiff has failed to mitigate his damages, Defendant relies upon same as a complete bar to those portions of Plaintiff's claim caused by such failure.

### ELEVENTH DEFENSE

Defendant affirmatively relies upon all available defenses permitted pursuant to Kentucky Rules of Civil Procedure 8.03 and 12.02 as complete bars to those relevant portions of Plaintiff's claim.

### TWELFTH DEFENSE

Defendant asserts the following affirmative defenses to the claim for punitive damages:

(1)     Plaintiff's complaint fails to state a cause of action against Defendant for punitive damages;

(2)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

(3)     Alternatively, unless Defendant's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(4)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate Defendant's due process

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000019 of 000022

41820A3C-586B-4F5C-B0EB-953FF2D0266D : 000020 of 000022

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(5)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of the amount of punitive damages that a jury could impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(6)     The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of the terms and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

(7)   The claim of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Kentucky law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(8)   Any award of punitive damages based on anything other than Defendant's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong;

(9)   Alternatively, Defendant relies on KRS 411.184, as modified by Williams v. Wilson, Ky., 972 S.W.2d 260 (1998), as a bar to Plaintiff's punitive damages claim; and

WHEREFORE, Defendant moves for a dismissal of the complaint against it, for its costs incurred herein, and for any and all other relief to which it may appear entitled.

Respectfully submitted,

DANIEL E. MURNER     (No. 82715)
ELIZABETH WINCHELL   (No. 92088)
LACEY FIORELLA       (No. 92006)
ESTEE ROSE           (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:   /s/Daniel E. Murner
COUNSEL FOR DEFENDANT,
VELOX TRUCKING, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of October, 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner               (dmurner@landrumshouse.com)
Elizabeth Winchell             (ewinchell@landrumshouse.com)
Lacey Fiorella                 (lfiorella@landrumshouse.com)
Estee Rose                     (erose@landrumshouse.com)
*Counsel For Defendant,*
*Velox Trucking, LLC*

I further certify that I e-mailed this document to the following:

Shea W. Conley                 (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
*Counsel for Plaintiff*

BY:    /s/Daniel E. Murner
       COUNSEL FOR DEFENDANT,
       VELOX TRUCKING, LLC

BD7CF230-1C57-4165-A46A-3684B73C2CD2 : 000001 of 000002

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO. 21-CI-00395

JIMMY DALE                                                    PLAINTIFF

VS.                    NOTICE TO CIRCUIT COURT OF
                       FILING OF NOTICE OF REMOVAL
                       *Electronically Filed*

ALBERT BAKER III and
VELOX TRUCKING, LLC                                          DEFENDANTS
                              * * * * *

You are hereby notified of the filing of the notice of removal in the United States District Court for the Eastern District of Kentucky, Lexington Division, of the case of *Jimmy Dale v. Albert Baker III and Velox Trucking, LLC*, bearing Civil Action Number 21-CI-00395 in the Circuit Court of Madison County, Commonwealth of Kentucky, all in accordance with provisions of 28 USC § 1446. Copies of said notice of removal were filed and served herewith.

Respectfully submitted,

DANIEL E. MURNER      (No. 82715)
ELIZABETH WINCHELL    (No. 92088)
LACEY FIORELLA        (No. 92006)
ESTEE ROSE            (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:    /s/Elizabeth Winchell
       COUNSEL FOR DEFENDANTS,
       ALBERT BAKER III AND VELOX
       TRUCKING, LLC

4844-2885-0173, v. 1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of October, 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner                     (dmurner@landrumshouse.com)
Elizabeth Winchell                   (ewinchell@landrumshouse.com)
Lacey Fiorella                       (lfiorella@landrumshouse.com)
Estee Rose                           (erose@landrumshouse.com)
*Counsel For Defendants,*
*Albert Baker III and*
*Velox Trucking, LLC*

I further certify that I e-mailed this document to the following:

Shea W. Conley                       (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

BY:     /s/Elizabeth Winchell
         COUNSEL FOR DEFENDANTS,
         ALBERT BAKER III AND VELOX
         TRUCKING, LLC

4844-2885-0173, v. 1